**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CHARLIE LEE, et al.,**

    Plaintiffs-Petitioners,

v.                                                         No. CIV 98-1056 BB/KBM-ACE

**UNITED STATES AIR FORCE, et al.,**

    Defendants-Respondents.

**MEMORANDUM OPINION AND ORDER
DISMISSING IN PART PETITIONERS' NINTH CLAIM FOR RELIEF**

**THIS MATTER** comes before the Court on the defendants-respondents' ("Respondents") motion to partially dismiss (Doc. 79) the plaintiffs-petitioners' ("Petitioners") ninth claim for relief, wherein Petitioners seek monetary relief for Respondents' alleged violation of their liberty and property interests (Doc. 90, ¶¶ 76-80 and ¶ P). The Court has examined the parties' submissions (Docs. 80, 94, and 95) and the relevant legal authorities, and, for the reasons set forth below, finds that Respondents are entitled to the relief requested in their motion and, therefore, Petitioners' claim for monetary relief will be **DISMISSED**.

**I.
BACKGROUND**

Petitioners filed suit against Respondents for allegedly violating inter alia the National Environmental Policy Act, the Noise Control Act, the Case-Zablocki Act, and the Fifth Amendment of the United States Constitution. See Petitioners' third-amended complaint at 6, ¶ 5. In their prayer for relief, Petitioners request both injunctive relief and monetary relief. See id. at 35, ¶ E (equitable relief), and at 36, ¶ P (monetary, compensatory, and special damages). Petitioners claim this Court

may grant such relief under the Administrative Procedure Act ("APA"), the Mandamus Act, and the Declaratory Judgment Act. See id. at 6, ¶ 5. Respondents now move to dismiss Petitioners' claim for monetary relief.

## II.
## DISCUSSION

**A.     Petitioners Cannot Recover Monetary Relief On The Bases Invoked In The Complaint**

**1.     APA**

Respondents contend, and the Court agrees, that Petitioners cannot recover monetary relief in this case because the APA does not waive the United States' sovereign immunity for claims in which a complainant seeks money damages. See Respondents' opening brief at 6. The plain text of the APA makes that point clear:

> An action in a court of the United States seeking relief <u>other than money damages</u> and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702 (emphasis added); see New Mexico v. Regan, 745 F.2d 1318, 1321 (10th Cir. 1984) (stating that Section 702 of the APA "has been construed as granting the United States' consent to suit in cases involving agency action, subject however, to the proviso that the action is not one for money damages."); Infante v. Drug Enforcement Admin., 938 F.Supp. 1149, 1154 (E.D.N.Y. 1996) ("The APA by its terms does not apply where the relief sought is money damages.").

In response, Petitioners claim that although the APA generally prohibits monetary awards, "'[t]he fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterize the relief as money damages.'" Petitioners' response brief at 2-3, *quoting*

Bowen v. Massachusetts, 487 U.S. 879, 893 (1988). While Petitioners correctly recite the law enunciated in the Bowen case, they misapprehend its application to their case. In the Bowen case, the Supreme Court endorsed the payment of money under the APA as an equitable remedy in the form of specific relief, not as a substitute remedy in the form of compensatory damages. See id. at 895; see also Department of Army v. Blue Fox, Inc., 525 U.S. 255, 262-63 (1999). In this case Petitioners seek monetary relief for the alleged loss of quiet enjoyment to their property, which amounts to a request for a substitute remedy and not for an equitable remedy. Accordingly, Petitioners may not pursue their claim for monetary relief under the APA.

### 2. Other Statutes

Petitioners also may not pursue their claim for monetary relief under the Mandamus Act or the Declaratory Judgement Act. In a prior decision in this case, the Court determined that the above-referenced statutes do not independently waive the United States' sovereign immunity, so they cannot by themselves subject the United States to any type of liability. See Memorandum Opinion and Order (Doc. 63) at 18, *citing* New Mexico v. Regan, 745 F.2d at 1321, *and* Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir. 1992); see also Balistrieri v. United States, 303 F.2d 617, 619 (7th Cir. 1962); B.R. MacKay & Sons, Inc. v. United States, 633 F.Supp. 1290, 1295-96 (D.Utah 1986). Thus, Petitioners' claim for monetary relief, which in actuality is one for compensatory damages, should be dismissed.

## B. Petitioners Have Failed To Properly Invoke The Tucker Act In This Case

Petitioners contend that their request for monetary relief should not be dismissed because under the Tucker Act, 28 U.S.C. § 1346(a)(2), this Court may hear "a civil action against the United States for any amount up to $10,000 'founded . . . upon the Constitution.'" Petitioners' response

3

brief at 2, *quoting* Tucker Act; see Clark v. Library of Congress, 750 F.2d 89, 103 fn. 31 (D.C.Cir. 1984) (ruling that Tucker Act is limited to claims brought under the "takings clause" of the Fifth Amendment). The Court must reject that contention on the ground that Petitioners have never invoked the Tucker Act in their amended complaints as the jurisdictional basis for any claim, in violation of Rule 8 of the Federal Rules of Civil Procedure. See Rule 8(a)(1) (stating that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ."). Furthermore, Petitioners have not waived any claim for monetary relief in excess of $10,000, so this Court is altogether barred from entertaining their request for such relief. See Zumerling v. Devine, 769 F.2d 745, (Fed.Cir. 1985) ("[T]he district court is provided jurisdiction of claims [under the Tucker Act] which arguably may exceed $10,000 if a waiver to recovery in excess of $10,000 is made."); Hahn v. United States, 757 F.2d 581, 587 (3rd Cir. 1985) (ruling that in order to assert the Tucker Act in federal district court plaintiff must waive recovery in excess of $10,000). Accordingly, the Court will not now entertain Petitioners' claim for monetary relief under the Tucker Act.

## III.
## CONCLUSION

For the above-stated reasons, the Court finds that Petitioners may not recover monetary relief in this action.

## ORDER

**WHEREFORE**,

**IT IS ORDERED** that Petitioners' ninth claim for relief be **DISMISSED** to the extent that it seeks to state a claim for monetary relief.

4

**DATED** at Albuquerque this 27th day of August, 2002.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs-Petitioners:

    Frank Bond, Santa Fe, N.M.
    Faith Kalman Reyes, Santa Fe, N.M.
    Joseph Van R. Clarke, Santa Fe, N.M.

For Defendants-Respondents:

    Raymond Hamilton, Albuquerque, N.M.
    Major Kenneth Theurer, Arlington, Va.